UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN RE: CASE NO. 18-10627 | ) |
| | ) |
| TRINITY INVESTMENT GROUP, LLC | ) |
| | ) |
| Debtor | ) |
| | ) |
| TRINITY INVESTMENT GROUP, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )   PROC. NO. 18-1067 |
| | ) |
| SIGMA RESTAURANTS, INC., et al. | ) |
| | ) |
| Defendants | ) |

## DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

On February 11, 2019

By this adversary proceeding, the plaintiff/debtor seeks a determination as to the priority and validity of liens held by three of its creditors – Sigma Restaurants, Bippus State Bank and Direct Capital Corp.[1] The plaintiff has filed a motion for summary judgment asking the court to declare that Sigma's lien is avoidable pursuant to § 544(a)(1) and § 550 of the United States Bankruptcy Code because Sigma did not file its financing statement in Indiana and, thus, it does not have a perfected security interest in the debtor's assets.

There has been no response to this motion within the time required by the local rules of this court. See, N.D. Ind. L.B.R. B-7007-1(a). Consequently, the court may decide the motion based

---

[1] Two other defendants originally named in this proceeding – Corporation Service Company and U.S. Bank, N.A. – have been dismissed at the plaintiff's request. The issues as to the remaining defendants appear to be resolved and motions to approve partial final judgments as to them are currently pending.

upon the proposition that "the facts as claimed and supported by admissible evidence . . . exist without controversy . . . ." N.D. Ind. L.B.R. B-7056-1. This does not mean, however, that the motion should be granted merely because it is unopposed. "[T]he party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and, if he does not discharge that burden, he is not entitled to judgment." Adickes v. S.H. Kress and Co., 398 U.S. 144, 161, 90 S. Ct. 1598, 1610 (1970). Thus, an unopposed motion cannot be granted automatically. Instead, the court is required to go beyond the lack of opposition and make the further finding that given the undisputed facts, summary judgment is proper as a matter of law. Weinco, Inc. v. Katahn Associates, Inc., 965 F.2d at 565, 568 (7th Cir. 1992).

As debtor-in-possession, the plaintiff has most of the powers and duties of a trustee, 11 U.S.C. § 1107, including the ability to avoid unperfected security interests for the benefit of creditors. 11 U.S.C. § 544(a)(1). See also, In re Fowler, 201 B.R. 771, 779 (Bankr. E.D. Tenn.1996) ("If the holder of a security interest in the debtor's property fails to perfect that interest prior to the filing of the bankruptcy, the trustee can avoid that interest, reducing the holder to the status of an unsecured creditor."). That is what the debtor/plaintiff is seeking to do here. Whether Sigma's security interest is unperfected is a matter of state law, see, Butner v. United States, 440 U.S. 48, 54-57, 99 S.Ct. 914 (1979), and the determination is made as of the date of the petition. See, 11 U.S.C. § 544 (trustee's powers arise "as of the commencement of the case.").

A security interest and perfection of it are two separate things. No one argues that Sigma does not have a security interest in the debtor's business assets. Rather, the argument is centered around whether that interest was properly perfected and, if not, whether it can be avoided by the debtor-in-possession for the benefit of creditors. Perfection of this type of security interest occurs

when a financing statement is filed with the appropriate authority. IC 26-1-9.1-308; 26-1-9.1-312; 26-1-9.1-501.

The debtor is an LLC which was organized and registered in Indiana. Its principal place of business is located in Bluffton, Indiana, its books and records are kept there and its management employees operate out of that office. Matter of Trinity Investments, LLC, Case No. 18-10627, Decision dated Aug. 30, 2018. It operates several Subway restaurants in the Toledo, Ohio area. The debtor purchased the restaurants from Sigma, giving it a promissory note and a security interest in the debtor's tangible and intangible assets, including its equipment, accounts, and any licenses and contract rights exclusive of franchise rights. Sigma attempted to perfect that interest by filing a financing statement in Ohio.

At issue is where Sigma needed to file in order to perfect its interest – Ohio where the Subway locations are or Indiana where the debtor is located. Both Indiana and Ohio have adopted Article 9 of the Uniform Commercial Code and, as it pertains to perfection of security interests, the provisions are the same.[2] Both provide that the law of the jurisdiction in which the debtor is located governs perfection of a security interest. I.C. 26-1-9.1-301; Ohio Rev. Code § 1309.301. The location of the debtor is its place of business where it conducts its affairs, I.C. 26-1-9.1-307(a); Ohio Rev. Code § 1309.307(a), and if it is a registered organization, it is located in the state in which it was organized. I.C. 26-1-9.1-307(e); Ohio Rev. Code § 1309.307(E). But, to complicate things slightly, both statutes provide that if the debtor is an organization that has more than one place of business, it is located "at its chief executive office." I.C. 26-1-9.1-307(b)(3); Ohio Rev. Code

---

[2]Although the parties' security agreement provides that the laws of the State of Ohio apply, given the provisions of the statutes, the result is the same regardless of whether the court applies of the law of Ohio or the law of Indiana.

§ 1309.307(B)(3). Although that phrase is not defined, it is construed to mean the location "where the debtor manages the main part of its business operations or other affairs." I.C. 26-1-9.1-307; Ohio Rev. Code § 1309.307 Uniform Commercial Code Comment.

> To put it another way:
>
> Assume a court sitting in Ohio is determining the right of a secured creditor against goods located in Ohio belonging to a company doing business in Ohio but incorporated in Illinois. The Ohio court should look at 9-301(1) and 9-307; these two provisions of Ohio law will direct the court to look at Illinois law to see whether the secured creditor has filed the proper documents in the proper place, in this case, Springfield. If the secured creditor has properly filed in Illinois, section 9-301(3)(C) instructs the Ohio Court to grant the secured creditor the rights and priority of a perfected secured creditor under Ohio law. 4 James J. White, Robert S. Summers & Robert A. Hillman, Uniform Commercial Code § 31:44 (Practitioner Treatise Series, 6th ed. 2015). See also, In re Aura Systems, 347 B.R. 720, 723 (Bankr. C.D. Cal. 2006) ("under both California and Delaware law, there is a single place to perfect a security interest in collateral owned by a Delaware corporation, wherever the collateral may be located. That location is the office of the Delaware Secretary of State.").

Trinity is located in Indiana. It is a registered limited liability company organized in Indiana. It maintains its principal office in Indiana. It manages it business operations from its office located in Bluffton, Indiana. The only connection to Ohio is the location of the various restaurants. Taken together, Trinity "manages the main part of its business operations" in Indiana. Consequently, its "chief executive office" is in Indiana. Indiana is where Sigma needed to file in order to perfect its security interest. It did not.

Having considered Trinity Investment Group's motion for summary judgment, together with the materials submitted thereto, the court finds that there is no genuine issue of material fact and the plaintiff/debtor, Trinity Investment Group is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that Trinity Investment Group, LLC's motion for summary

judgment is granted; Sigma Restaurants does not have a perfected security interest in the debtor's personal property and its lien may be avoided. Judgment will be entered accordingly.

                                                   */s/ Robert E. Grant*
                                      Chief Judge, United States Bankruptcy Court